## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Rami Elhusseini

Plaintiff,

v.

**Case No. 1:06-cv-00100-RBW**
**FILED VIA ECF**

COMPASS GROUP
USA, INC., et al.
Defendants

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S ELABORATE STATEMENT

Defendants Compass Group USA, Inc. and Restaurant Associates, Inc. ("Defendants"), by

counsel, hereby submit this Answer and Affirmative Defenses to Plaintiff Rami Elhusseini's

("Mr. Elhusseini") Elaborate Statement[1].

Answering the Elaborate Statement by correspondingly numbered paragraphs, as

identified by Defendants and described in Exhibit A hereto[2] Defendants state as follows:

1.    Defendants admit that Mr. Elhusseini is suing Defendants for racial discrimination and

"malicious interference," but deny that Defendants have violated any statute or common law or

engaged in any wrongdoing of any kind. Defendants deny the remaining allegations contained in

paragraph 1 of Mr. Elhusseini's Elaborate Statement.

2.    Defendants admit that Katherine A. Goetzl, counsel for Defendants, contacted Mr.

Elhusseini by telephone on January 26, 2006 to discuss whether Mr. Elhusseini would oppose

---

[1] On January 27, 2006, the Court granted Defendants' Unopposed Motion for More Definite
Statement since Defendants could not meaningfully respond to Mr. Elhusseini's original pleading
[2] Because the Elaborate Statement is not organized in separately numbered paragraphs,
Defendants, for ease of reference, have attempted to do so based on the nature of the allegations
raised.

Defendants' Motion for More Definite Statement. Defendants deny the remaining allegations contained in paragraph 2 of Mr. Elhusseini's Elaborate Statement.

3.    Defendants deny the allegations contained in paragraph 3 of Mr. Elhusseini's Elaborate Statement.

4.    Defendants deny the allegations contained in paragraph 4 of Mr. Elhusseini's Elaborate Statement.

5.    Defendants deny the allegations contained in paragraph 5 of Mr. Elhusseini's Elaborate Statement. Defendants aver that Mr. Elhusseini was never employed by Compass Group USA, Inc., which is not a proper party to this action.

6.    Defendants admit that Mr. Elhusseini was not promoted during his employment with Defendant Restaurant Associates, Inc. Defendants deny the remaining allegations contained in paragraph 6 of Mr. Elhusseini's Elaborate Statement.

7.    Defendants admit that Mr. Elhusseini identified himself as Caucasian on his application for employment with Defendant Restaurant Associates, Inc. Defendants deny the remaining allegations contained in paragraph 7 of Mr. Elhusseini's Elaborate Statement.

8.    Defendants deny the allegations contained in paragraph 8 of Mr. Elhusseini's Elaborate Statement.

9.    Defendants deny the allegations contained in paragraph 9 of Mr. Elhusseini's Elaborate Statement.

10.    Defendants admit that "Mr. Elhusseini was employed as a line server with Defendant Restaurant Associates, Inc. Defendants deny the remaining allegations contained in paragraph 10 of Mr. Elhusseini's Elaborate Statement.

11.    Defendants deny the allegations contained in paragraph 11 of Mr. Elhusseini's Elaborate Statement.

12.    Defendants are without knowledge or information sufficient to form a belief as to . the truth of the allegations contained in the first clause of paragraph 12 of Mr. Elhusseini's Elaborate Statement, and therefore deny them. Defendants deny the remaining allegations contained in paragraph 12 of Mr. Elhusseini's Elaborate Statement.

13.    Defendants admit that Mr. Elhusseini was terminated from his employment for fighting on company time and clocking out before the end of his shift without permission. Defendants aver that the altercation which led to Mr. Elhusseini's termination occurred near the National Museum of the American Indian and before the end of Mr. Elhusseini's shift. Defendants deny the remaining allegations contained in paragraph 13 of Mr. Elhusseini's Elaborate Statement.

14.    Defendants admit that Mr. Elhusseini was terminated for fighting on company time and clocking out before the end of his shift without permission. Defendants deny the remaining allegations contained in paragraph 14 of Mr. Elhusseini's Elaborate Statement.

15.    Defendants deny the allegations contained in paragraph 15 of Mr. Elhusseini's Elaborate Statement.

16.    Defendants admit that Mr. Elhusseini did not receive any performance awards during his employment with Defendant Restaurant Associates, Inc. Defendants deny the remaining allegations contained in paragraph 16 of Mr. Elhusseini's Elaborate Statement.

17.    Defendants deny the allegations contained in paragraph 17 of Mr. Elhusseini's Elaborate Statement.

18.     Defendants deny the allegations contained in paragraph 18 of Mr. Elhusseini's Elaborate Statement.

19.     Defendants deny the allegations contained in paragraph 19 of Mr. Elhusseini's Elaborate Statement, and deny that they have violated any statute or common law or engaged in any wrongdoing of any kind.

Defendants deny all allegations contained in Mr. Elhusseini's Elaborate Statement not expressly admitted herein.

Defendants deny that Mr. Elhusseini is entitled to any damages of any kind or any relief of any kind in connection with his Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Mr. Elhusseini's Elaborate Statement fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Any and all alleged actions taken by Defendants in regard to Mr. Elhussieni's employment, and the terms and conditions of his employment, were taken without regard to Mr. Elhussieni's race and for legitimate, nondiscriminatory reasons.

### THIRD AFFIRMATIVE DEFENSE

All actions taken by Defendants, their representatives and employees, with respect to Mr. Elhusseini's employment, and the terms and conditions of his employment, were taken in good faith, without any malice or intent to injure or harm, and, therefore, are not actionable.

### FOURTH AFFIRMATIVE DEFENSE

Mr. Elhusseini has failed to exhaust his administrative remedies.

4

### FIFTH AFFIRMATIVE DEFENSE

Mr. Elhusseini has failed to comply with his duty to mitigate his alleged damages.

### SIXTH AFFIRMATIVE DEFENSE

Some or all of Mr. Elhusseini's claims are barred by the applicable statutes of limitations, or by the equitable doctrines of unclean hands, laches, waiver, and estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants are not liable for punitive damages because they did not commit any knowing, wanton, intentional, or malicious acts against Mr. Elhusseini.

### EIGHTH AFFIRMATIVE DEFENSE

Mr. Elhusseini's claim for damages may be barred by the after-acquired evidence doctrine.

### NINTH AFFIRMATIVE DEFENSE

Defendants have Equal Employment Opportunity and Harassment-Free Workplace policies, which are provided to employees including Mr. Elhusseini, and make good faith efforts to comply with anti-discrimination and anti-harassment laws.

### TENTH AFFIRMATIVE DEFENSE

Because no discovery has been taken at this stage of the case, Defendants reserve the right to assert additional affirmative defenses as appropriate.

WHEREFORE, Defendants Compass Group USA, Inc. and Restaurant Associates, Inc. pray for judgment as follows:

1.    That the claims contained in Plaintiff's Elaborate Statement be dismissed with prejudice;

5

2.    That Plaintiff take nothing by reason of said Elaborate Statement or any claim set forth therein;

3.    That Defendants recover their costs, disbursements, expenses, and reasonable attorneys' fees incurred in connection with the defense of this matter; and

4.    That the Court grant such other and further relief as it deems just and proper.

Dated: February 16, 2006                Respectfully submitted,


                                LITTLER MENDELSON, P.C.

                         By:    /s/ Katherine A. Goetz!
                                Paul J. Kennedy (D.C. Bar No. 428623)
                                Katherine A. Goetzl (D.C. Bar No. 457660)
                                1150 17th Street, N.W., Suite 900
                                Washington, D.C. 20036
                                202.842.3400 telephone

                                202.842.0011 facsimile


                                Counsel for Defendant Compass Group USA, Inc.
                                and Defendant Restaurant Associates, Inc.