UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RAMI ELHUSSEINI**<br><br>**Plaintiff,**<br><br>v.<br><br>**COMPASS GROUP USA, INC., et al.**<br><br>**Defendants.** | **Case No. 1:06-cv-00100-RBW**<br>**FILED VIA ECF** |

## PLAINTIFF'S AND DEFENDANTS' JOINT RULE 16.3 REPORT

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Civil Rule 16.3, Plaintiff Rami Elhusseini and Defendants Compass Group USA, Inc. and Restaurant Associates, Inc. hereby submit this Report regarding their planning meeting. Rami Elhusseini, Plaintiff pro se, and Katherine A. Goetzl, counsel for Defendants Compass Group USA, Inc. and Restaurant Associates, Inc., participated in a telephone conference on June 20, 2006 to discuss the matters required by the rules.

1.  Local Civil Rule 16.3(c)(1)

Plaintiff believes discovery will yield clear and convincing evidence that relief is merited and that a disposed motion is unwarranted.

Defendants believe that the case is likely to be disposed of by dispositive motion. If appropriate based upon the evidence obtained during discovery, Defendants anticipate filing a Motion for Summary Judgment after the close of discovery.

2. <u>Local Civil Rule 16.3(c)(2)</u>

The parties believe that any other parties should be joined and pleadings should be amended within 30 days. The parties also believe that none of the factual or legal issues can be agreed upon or narrowed at this time absent discovery.

3. <u>Local Civil Rule 16.3(c)(3)</u>

The parties believe that the case should not be assigned to a magistrate judge.

4. <u>Local Civil Rule 16.3(c)(4)</u>

Plaintiff believes the requested relief is a fair compensation for the unfair treatment damage to resume and career in consequence to unjust termination, the malicious premeditated policy during the time dedicated to the company and the monetary amount generated through plaintiff's work for the company.

Defendants believe that it is unclear at this time whether there is a realistic possibility of settling the case. Plaintiff demanded $900,000 in his Complaint. When counsel for Defendants attempted to discuss the possibility of settlement with Plaintiff, he stated that his demand was $900,000.

5. <u>Local Civil Rule 16.3(c)(5)</u>

Plaintiff believes that bringing litigation to seek relief is warranted, and that ADR could benefit Defendants through explaining the nature of anti-Semitism in their decision making and the place it holds in the legal institution of the United States of America, and the postwar politics, the negotiation of these acts would yield a beneficial dynamic for both parties and would allow a less abrasive comprehension of judgment it might also be a gain in terms of civic responsibility and reassessment of the company goals, planning and development for Compass and RA.

Defendants believe that the case would not benefit from the Court's alternative dispute resolution procedures at this time.

6. Local Civil Rule 16.3(c)(6)

Plaintiff believes that due to the nature of the evidence a trial is required to establish a fair decision, being that no contract allowing anti-Semitic decision making was signed by parties yet none was signed to deem it unlawful so matter is in need of dialectic discourse.

Defendants believe that the case can be resolved by Motion for Summary Judgment. Defendants propose that the deadlines for filing dispositive motions should be December 6, 2006, oppositions to dispositive motions should be December 20, 2006, and replies to oppositions to dispositive motions should be January 3, 2007, and for deciding dispositive motions should be March 5, 2007.

7. Local Civil Rule 16.3(c)(7)

The parties believe that no changes should be made in the scope, form, or timing of the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1).

Initial disclosures will be made by July 5, 2006 as required by Local Civil Rule 26.2(a).

8. Local Civil Rule 16.3(c)(8)

The parties anticipate that discovery will be needed on at least the following subjects: 1) Plaintiff's educational background; 2) Plaintiff's employment history; 3) Plaintiff's mental health prior to and following his employment with Defendant Restaurant Associates, Inc.; 4) Plaintiff's employment since he worked for Defendant Restaurant Associates, Inc.; 5) Plaintiff's alleged damages; and 6) other facts related to Plaintiff's allegations. The parties propose that fact discovery close on November 15, 2006. The parties propose that expert discovery close 60 days after dispositive motions are decided. The parties believe that a protective order may be appropriate.

The parties believe that it is not necessary to place any limitations on discovery in addition to the limitations of the Federal Rules of Civil Procedure and the Local Civil Rules of this Court.

9.  Local Civil Rule 16.3(c)(9)

The parties believe that it is not necessary to modify the exchange of expert witness reports and information required by Federal Rule of Civil Procedure 26(a)(2). The parties believe that depositions of experts may be necessary and should occur within 60 days after dispositive motions are decided.

10. Local Civil Rule 16.3(c)(10)

Not applicable.

11. Local Civil Rule 16.3(c)(11)

The parties propose that fact discovery and expert discovery be bifurcated with fact discovery closing on November 15, 2006 and expert discovery closing within 60 days after dispositive motions are decided. The parties do not believe that the trial needs to be bifurcated.

12. Local Civil Rule 16.3(c)(12)

The parties believe that the Court should set the date for the pretrial conference.

13. Local Civil Rule 16.3(c)(13)

The parties believe that the Court should decide when a firm trial date should be set.

14. Parties' Brief Statements of the Case

Plaintiff's Statement

Plaintiff believes termination was expression of company's policy regarding "non-white" employees, that termination was a pretext to deny promotion, plaintiff agrees that altercation did take place with colleague but it took place off of company time and workplace in the jurisdiction of the District of Columbia's Police Department not on any Militia's or manager's.

4

Defendants' Statement

Plaintiff was employed by Defendant Restaurant Associates, Inc. as a line server from September 2004 to August 2005. Defendant Restaurant Associates, Inc. terminated Plaintiff's employment for legitimate, nondiscriminatory reasons. Specifically, Plaintiff was terminated because he clocked out without permission before his shift ended and he started a fight on company time.

Respectfully submitted,

Dated: June 22, 2006         /s/ Rami Elhusseini
                             Rami Elhusseini
                             2517 Mozart Place, NW
                             Apt. 103
                             Washington, DC  20009
                             202.588.5386  telephone

                             Plaintiff pro se

                             LITTLER MENDELSON, P.C.

Dated: June 22, 2006    By:  /s/ Katherine A. Goetzl
                             Paul J. Kennedy (D.C. Bar No. 428623)
                             Katherine A. Goetzl (D.C. Bar No. 457660)
                             1150 17th Street, N.W., Suite 900
                             Washington, D.C.  20036
                             202.842.3400  telephone
                             202.842.0011  facsimile

                             Counsel for Defendants Compass Group USA, Inc.
                             and Restaurant Associates, Inc.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **RAMI ELHUSSEINI**<br><br>**Plaintiff,**<br><br>v.<br><br>**COMPASS GROUP USA, INC., et al.**<br><br>**Defendants.** | **Case No. 1:06-cv-00100-RBW**<br>**FILED VIA ECF** |

**PLAINTIFF'S AND DEFENDANTS' JOINT PROPOSED SCHEDULING ORDER**

Upon consideration of the Plaintiff's and Defendants' Joint Local Civil Rule 16.3 Report and the representations made in Court by Plaintiff pro se and counsel for Defendants at the June 29, 2006 initial scheduling conference, it is hereby

ORDERED that:

1. This case shall proceed with the following deadlines:

| | |
|---|---|
| Amend Complaint/Join Parties | July 28, 2006 |
| Fact discovery closed | November 15, 2006 |
| Dispositive motions | December 6, 2006 |
| Oppositions to dispositive motions | December 20, 2006 |
| Replies to oppositions to dispositive motions | January 3, 2007 |
| Expert discovery closed | 60 days after dispositive motions decided |

2. Each party is limited to a maximum of 25 interrogatories and each side is limited to a maximum of 10 depositions.

6

SIGNED this _____ day of _____, 2006.

_____
Reggie B. Walton
United States District Judge

Copies to:

Paul J. Kennedy
Katherine A. Goetzl
Littler Mendelson, P.C.
1150 17th Street, N.W., Suite 900
Washington, D.C. 20036

Counsel for Defendants Compass Group USA, Inc.
 and Restaurant Associates, Inc.


Rami Elhusseini
2517 Mozart Place, NW
Apt. 103
Washington, DC 20009

Plaintiff pro se

**CERTIFICATE OF SERVICE**

I hereby certify that, on June 22, 2006, a copy of the foregoing Plaintiff's and Defendants' Joint Rule 16.3 Report and Plaintiff's and Defendants' Joint Proposed Scheduling Order was served by first class mail, postage prepaid, upon the following:

> Rami Elhusseini
> 2517 Mozart Place, NW
> Apt. 103
> Washington, DC  20009
>
> Plaintiff pro se

/s/ Katherine A. Goetzl
Katherine A. Goetzl

Firmwide:81215167.1 024778.1145