## Machicote, Joseph

**From:** Cerrati, Robin
**Sent:** Wednesday, September 14, 2005 3:07 PM
**To:** Machicote, Joseph
**Subject:** FW: Rami husseini

Hello Joe,

Below is a quick "physy" comment from the Director of the unit of which Rami had worked. Please let me know if you need anything from me.

Also, as a quick note the other employee he had a fight with is no longer employed with us.

thank you! (and sorry)
Robin

---

**From:** MURPHY, AIDAN
**Sent:** Wed 9/14/2005 3:01 PM
**To:** Cerrati, Robin
**Subject:** FW: Rami husseini

FYI

Aidan Murphy
Vice President of Operations
Restaurant Associates

Voice:  202-669-8209
Data:   202-416-8551
Cell:   202-669-8209

amurphy@restaurantassociates.com

---

**From:** Ponzi, Larry
**Sent:** Wed 9/14/2005 2:42 PM
**To:** MURPHY, AIDAN
**Subject:** RE: Rami husseini

I am not a psychiatrist however my opinion is that he is delusional, schizophrenic, and overall psychotic

Sherley worked with us on his termination. He followed a fellow employee out of work and grabbed his arm which led to fist fight

Larry Ponzi
Regional Director
Restaurant Associates @ Smithsonian
4th St. & Independence SW
Washington DC 20024
p 202-633-7039  f 202-633-6923

RA 0064

## Mail Message

Close  Next   Delete From This Mailbox   Delete From All Mailboxes   Forward  Reply to Sender  Reply All  Move Delete  Read Later  Properties

Print View

**From:** Tara Peralta
**To:** Courtney Willis, Richard Hetzler, Larry Ponzi
**Date:** Sunday - August 14, 2005 1:37 PM
**Subject:** Tara Statement

Rami was brought into the office with Derek and myself to disucss the corrective communication and all that it emplied. I simply explained until I can get statement from witnesses, he is suspended until the investigation is final. He proceeded to explain that he clocked out not sure if he was going to return from break because he didn't know what was going to happen. He said he crossed the street and followed Chris to Air & Space and proceeded to grab Chris's arm and say, "Hey, I am talking to you." Chris turned around and was in fighting stance and apparently a fight broke out.
This is an admition of guilt for starting a fight on company time. When he left the cafe Dan and Edward (his station coworker) were under the impression he was going on break. Obviously, he had premeditated this whole situation, Chris and Rami's clock out times were identical as well. After speaking with HR and verifying grounds for termination, Rami will be called in and terminated for two reasons.

1. Fighting on Company Time
2. Walking off a station with intentions of not returning, without permission, which is insubordination.

I will ask Derek to write up a statement about this situation as well and leave it on Larry and Courntey's desk. Rich is planning on calling HR tomorrow and verify we can terminate for these reasons.

Tara Peralta
Sous Chef
National Museum of the American Indian
4th and Independence SW
Washington DC, 20560
202-633-7042
tperalta@si.edu

---

8/16/05  4:41

Rami Statement:

~~Sunday~~
Saturday found lock busted. RE Rami clocked out at the same time as Chris on Saturday to ~~[scribbled out]~~ + attempt to resolve an issue peacefully. He feared for his life + was attempting to diffuse a situation.

[signature]
8/16/05

Monday August 15th 2005

On Saturday, August 13th Chris Spangler came to Tara and I telling us about a disagreement Chris and Rami had with one another. We addressed the issue with both Rami & Chris and were told that the problem was done with. That afternoon Rami informed me that his locker had been damaged and was unable to open it and that he suspected Chris of the damage. I took a picture with digital camera of his broken locker and that we would fix it during his break. After assisting Rami with his locker I was unaware of any further confrontation between Rami and Chris. When I returned to work on Sunday morning there was a message from Chris saying that it was an Emergency and that he needed to talk to Richard. I called him back and I was told by Christopher that Rami had followed him across the street to Air & Space where Rami assaulted him and broke Chris' sunglasses. Chris then ran back to NMAI telling Edgar to help him. Where Edgar and Hobart stopped Rami and told him to go back inside and Chris to go home.

    All of this apparently took place while both employees were clocked out between 4:08pm – 4:30pm. But Rami had not completed his shift for the day; Chris had been given permission by me to leave early at 4pm. After talking to Chris Sunday morning I told him that I would have a talk with Rami and that I would be separating both of them for the day until I could contact Richard or other management. I then talked to Rami when he arrived to work. Rami only would say that he had clocked out and that he wasn't going to comment further and that it was his personal business. I told him that he was going to be separated from Chris for the day until I could figure out what needed to be done. Both were instructed not to talk to one another or anyone about what had happened the day before. I then called Tara explained the situation to her and left a message for Richard. After talking with other management Tara and determined that Rami would be suspended pending an investigation.

Derek Pipher
NMAI Sous Chef

Rami and Chris were arguing in the street which I saw but did not hear all of it Chris began heading towards the front and me and Rami came to and Chris was arguing at Rami. Then Chris came in to the cafe to go t Edgar while Rami waited outside. Chris returned upstairs and Edgar Chris began making threatening Remarks at Rami just laughed and Edgar told Chris to go home that he had work to do at no time was Rami Restrained and Rami Returned to the cafe and Chris left

Robert Wilson
08-22-05

RA 0058

Edgar

Chris came in ~~####~~ and asked me to step outside cause he need me to keep ramie out of his face. I notice there was a group of people outside. That was watching the incident and nobody interven. So I kept steping ~~in~~ at Ramie Anyway to keep them apart. That when Ramie felt I was taken my friend side. All I told them was to step down from me and I told Chris to go home that this was not the place for all the "B.S." Chris left and Ramie finally step down and went into the ~~####~~ bldg and that was left at that.

Edgar Torres
8/22/05

RA 0059

## DOCUMENT REQUEST NO. 6

Provide the incident report regarding the altercation between Plaintiff and Christopher Spangler, including all documents and communication pertaining to the issue.

## OBJECTION AND RESPONSE

Defendants object to this document request to the extent that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Notwithstanding these objections, Defendants produce documents numbered RA0052 to RA0070, which are enclosed.

## DOCUMENT REQUEST NO. 7

Provide all documents pertaining to the altercation between Plaintiff and Abdullah Jihad.

## OBJECTION AND RESPONSE

Defendants object to this document request to the extent that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Notwithstanding these objections, Defendants have no non-privileged, responsive documents.

## DOCUMENT REQUEST NO. 8

Provide all documents pertaining to the hiring of Derek Pipher including Mr. Pipher's application including his resume, educational background and references as well as his interviewer's feedback and his evaluation report.

## OBJECTION AND RESPONSE

Defendants object to this document request on the ground that it seeks information of a confidential, proprietary, or private nature in the absence of a mutually agreeable protective order.

Conversation by phone with Rami Hussein

- Off the clock — fight was off the clock
- Walked off — Says he didn't walk off the job.
- Has clocked out at 4pm before
- Rich Hessler gave him permission to leave early
- Claims discrimination takes place — no promotion as asked for
- People drew knives in the cafeteria — Vincent + unknown — Tamale station over "Ilyana." Were not fired.
- Another colleague was restrained while Rami left. "Abdullah". Has also left station.

---

People followed him out

As per Joe Machicote
VP, Ombudsman

RA 0062

evidence.

## GENERAL OBJECTIONS

1. Defendants object to Plaintiff's requests for admission on the grounds that they are vague in that they do not define the term "altercation," overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and seek irrelevant information.

2. Defendants incorporate these general objections into each of the individual responses set forth below.

## OBJECTIONS AND RESPONSES TO SPECIFIC REQUEST FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1

Altercation between Plaintiff and Abdullah Jihad took place at Mitsitam [sic] café.

### OBJECTION AND RESPONSE

Defendants object to this request for admission on the grounds that it is vague in that it does not define the term "altercation," is not reasonably calculated to lead to the discovery of admissible evidence, and seeks irrelevant information. Notwithstanding these objections, assuming that Plaintiff defines the term "altercation" to mean a confrontation involving physical contact between the parties, Defendants deny Request for Admission No. 1.

### REQUEST FOR ADMISSION NO. 2

Altercation between coworkers Vincent and Walter took place at Mitsitam [sic] café.

2

**OBJECTION AND RESPONSE**

Defendants object to this request for admission on the grounds that it is vague in that it does not define the term "altercation," is not reasonably calculated to lead to the discovery of admissible evidence, and seeks irrelevant information. Notwithstanding these objections, assuming that Plaintiff defines the term "altercation" to mean a confrontation involving physical contact between the parties, Defendants deny Request for Admission No. 2.

**REQUEST FOR ADMISSION NO. 3**

Altercation between coworker Don and Chef Hetzler took place at Mitsitam [sic] café.

**OBJECTION AND RESPONSE**

Defendants object to this request for admission on the grounds that it is vague in that it does not define the term "altercation," is not reasonably calculated to lead to the discovery of admissible evidence, and seeks irrelevant information. Notwithstanding these objections, assuming that Plaintiff defines the term "altercation" to mean a confrontation involving physical contact between the parties, Defendants deny Request for Admission No. 3.